# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

KIMBERLY GRANGER,

    Plaintiff,

v.                                            Case No. 3:21-cv-261-MMH-JBT

SOUTHERN-OWNERS
INSURANCE COMPANY AND
TRAVELERS PROPERTY
CASUALTY COMPANY OF
AMERICA,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279 - 1280 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal

district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On March 11, 2021, Defendant Southern-Owners Insurance Company (Southern-Owners) filed a Notice of Removal (Doc. 1; Notice)[1] removing this case from the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida. See Notice at 1. In the Notice, Southern-Owners asserts that this Court has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a). See Notice ¶ 2. Southern-Owners alleges that Plaintiff is a citizen of Florida, Southern-Owners is "incorporated in the state of Michigan with its principal place of business in Lansing, Michigan," and Defendant Travelers Property Casualty Company of America is "incorporated in the state of Connecticut with its principal place of business in Hartford, Connecticut." Id.

---

[1] Upon review, the Court also notes that the Notice does not appear to comply with the new typography requirements set forth in the recently amended Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), which took effect on February 1, 2021. See Local Rule 1.08(a)-(b). As such, the Court directs all counsel of record in this case to review the requirements set forth in Local Rule 1.08 and ensure that all future filings are in compliance. Going forward, filings which do not comply with this or any other Local Rule may be stricken.

¶¶ 6-8.  In addition, Southern-Owners asserts that the amount in controversy requirement for diversity jurisdiction is satisfied.  Id. ¶ 10-13.  However, upon review of the Notice and Complaint (Doc. 3), the Court finds that Southern-Owners fails to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000.[1]  See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

This case arises out of a rear-end motor vehicle collision that involved Plaintiff Kimberly Granger and an underinsured motorist.  See generally Complaint.  In the Complaint, Plaintiff alleges that her damages exceed "Thirty Thousand Dollars and One Cent", exclusive of interest and costs, but writes "($100,000.00)" in the parentheses following this allegation.  See Complaint ¶ 1.  Plaintiff asserts that as a result of the accident she suffered:

> A. Significant and permanent loss of an important bodily function and/or permanent and significant scarring;
> B. Permanent injury within a reasonable degree of medical probability other than scarring or disfigurement:
> C. Aggravation or activation of an existing disease or physical defect;
> D. Pain, suffering, disability, physical impairment, mental anguish, inconvenience, and a loss of capacity for the enjoyment of life;
> E. Expenses of medical care and treatment in the past and in the future;
> F. Loss of wage and/or loss of earning capacity in the future.

---

[1] The Court is satisfied that Southern-Owners has sufficiently alleged diversity of citizenship.

3

See id. ¶ 13. She further alleges that her injuries are "permanent or continuing." Id. In support of removal, counsel for Southern-Owners merely identifies Plaintiff's "typographical error" in the Complaint in which Plaintiff wrote "$100,000" in parenthesis but likely meant "$30,000.01" to support the conclusion that Plaintiff is "seeking damages to be awarded in excess of the jurisdictional limits of this Court." See Notice at 2, n.1, ¶ 12. Additionally Southern-Owners points to the civil cover sheet, which is simply for "data collection and clerical processing purposes" and "shall not be used for any other purpose," as evidence the instant claim satisfies the Court's amount in controversy requirement. See id., Ex. 11.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., 135 S. Ct. at 554. If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir.

2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id. at 754 (emphasis added).[2]

---

[2] The Court notes that Dart, Dudley and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

5

Here, Southern-Owners fails to present any "plausible allegation" of the amount in controversy. Southern-Owners reliance on a scrivener's error in the jurisdictional threshold allegations of the state court Complaint, combined with a reference to the civil cover sheet, do not provide the Court with any specific, factual information by which to determine whether Plaintiffs' damages plausibly exceed the jurisdictional threshold. Indeed, based on the allegations in the Notice and Complaint, the Court can do no more than speculate regarding the nature and severity of Kimberly Granger's injuries. Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." Id. at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of Plaintiffs' vague allegations of damages, and in the absence of any information regarding the nature of Kimberly Granger's injuries, or the cost of her subsequent medical care, the Court is unable to determine whether the amount in controversy requirement is satisfied here. As such, Southern-Owners has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action. In light of the foregoing, it is

6

**ORDERED:**

Defendant Southern-Owners Insurance Company shall have up to and including **March 29, 2021**, to file an amended notice of removal demonstrating that this Court has subject matter jurisdiction over this case.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of March, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc28
Copies:

Counsel of record

7